IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS

JON GRANT
824 SUTTON PLACE DR
GAHANNA, OHIO 43230

    Plaintiff,

v.

GAHANNA-JEFFERSON PUBLIC SCHOOLS
160 S. HAMILTON ROAD
GAHANNA, OHIO 43230

    Defendant.

:    Case No.

:    Judge

:    Magistrate Judge

:    Jury Demand Endorsed Hereon

## COMPLAINT

Now comes Plaintiff Jon Grant (hereafter "Plaintiff" or "Grant") and for his Complaint against Defendant Gahanna-Jefferson Public Schools (hereafter "Defendant" or "Gahanna") states and avers as follows:

**PARTIES**

1. Plaintiff Grant is a resident of the State of Ohio.

2. Defendant Gahanna-Jefferson Public Schools is a government entity authorized under the laws of the State of Ohio.

**JURISDICTION AND VENUE**

3. This action is pursuant to 42 U.S.C. §1983 to redress a violation of Plaintiff's rights under the First Amendment to the United States Constitution.

4. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 as there is a federal question.

{00207045-1}

5. The unlawful violations and employment practices alleged below were committed within the State of Ohio, in the Southern District, Eastern Division of this Federal Court.

6. At all relevant times hereto, Plaintiff worked for Defendant in Franklin County, Ohio which is the county in which the Defendant conducted the activity which gave rise to Plaintiff's claims for relief, and the county in which all or part of Plaintiff's claim arose.

**FACTUAL ALLEGATIONS**

7. Plaintiff hereby incorporates his allegations set forth in Paragraphs 1 through 6 above as if fully rewritten herein.

8. Plaintiff has worked for Defendant for more than eleven (11) years.

9. Plaintiff is currently a custodian for Defendant at its Gahanna Lincoln High School location.

10. In early 2018, Plaintiff began participating in union activities. Specifically, Plaintiff, along with other employees of Defendant, began trying to create and/or form a union.

11. Because of Plaintiff's tenure as an employee for Defendant, other employees often speak to him about issues with work, including but not limited to, Defendant's failure to pay overtime.

12. On February 1, 2018, Plaintiff met with Matt Cygnor ("Cygnor"), Executive Director of Human Resources for Defendant, to express his concerns regarding Defendant's failure to pay him and other coworkers overtime for which they had worked, Defendant's failure to follow equal opportunity employment laws, and retaliation Plaintiff was experiencing for participating in union activities. Cygnor told Plaintiff that he would address Plaintiff's concerns at Gahanna's Cabinet meeting, which would include Steve Barrett ("Barrett"), Superintendent for Defendant. Cygnor did not address Plaintiff's concerns at Gahanna's Cabinet meeting.

{00207045-1}

13. On February 22, 2018, Plaintiff met with Scott Lofton ("Lofton"), Business Director for Defendant, and Cygnor to again address his concerns.

14. After Plaintiff expressed his concerns, Defendant began watching Plaintiff's every move under a microscope.

15. On March 16, 2018, Plaintiff was summoned to meet with Cygnor. Cygnor told Plaintiff that he was being placed on administrate leave effective immediately. Cygnor told Plaintiff that Plaintiff had put a "target" on himself.

16. Defendant alleged Plaintiff created a hostile work environment. Specifically, on March 12, 2018, another employee, Emerson Santos, alleged that he was being bullied by Plaintiff because Plaintiff -- who was not his supervisor at the time -- asked him to perform work. Mr. Santos also alleged that Plaintiff stated that Defendant made a mistake hiring Mr. Santos as custodian.

17. That same employee, Mr. Santos, had encouraged Plaintiff to apply for a position with the City of Gahanna for the Parks Team Member positon in January of 2018 because he wanted Plaintiff and himself to "serve [their] community together".

18. Defendant further alleged that Plaintiff was "stealing time" from Defendant. Specifically, Defendant alleged that Plaintiff had taken a lunch without clocking out on February 25, 2018. On February 25, 2018, Plaintiff went into a room to clean. Defendant alleged that since it was taking Plaintiff too long to clean the room that he was eating lunch. To be clear, Plaintiff was not eating lunch and did not take a lunch. Plaintiff was being thorough in his job as custodian ensuring that the room was sufficiently cleaned.

19. Defendant also alleged that Plaintiff was not performing his work duties because he spent three (3) minutes cleaning a restroom on February 25, 2018 (three days after Plaintiff's meeting with Cygnor and Lofton).

{00207045-1}

20. Defendant further alleged that Plaintiff was being put on administrative leave because of his participation in "the union thing" by handing out union information brochures. Plaintiff was actively involved in the creation of a union for custodial employees.

21. Defendant sent a formal letter advising Plaintiff that he was being put on administrative leave and detailing the reasons for such action. Defendant conveniently left off the reason that Plaintiff was participating in "the union thing" as a reason for him being put on administrative leave.

22. Defendant gave Plaintiff an ultimatum: resign or be fired.

23. Plaintiff refuses to resign because he participated in union activities, complained that he and his coworkers were not being properly paid for their overtime, and reported that equal opportunity laws were not being followed by Defendant.

24. Plaintiff was terminated on August 9, 2018.

## FIRST CAUSE OF ACTION – FIRST AMENDMENT RETALIATION PURSUANT TO 42 U.S.C. § 1983

25. Plaintiff incorporates his allegations set forth in Paragraphs 1 through 24 above as if fully rewritten herein.

26. Plaintiff was engaged in a constitutionally protected activity.

27. Defendant was aware that Plaintiff was participating in union activities and the creation of a union for custodial employees.

28. Plaintiff was subjected to adverse action, including but not limited to, monitoring Plaintiff's every action, disciplining him, placing him on administrative leave, and telling Plaintiff that he would be terminated unless he resigned.

29. The adverse actions would likely chill a person ordinary firmness from continuing to

{00207045-1}

engage in that activity.

30. The protected activity was at least a motivating factor in the adverse action.

31. The officially executed policy or the toleration of a custom within Gahanna leads to, causes, or results in the deprivation of a constitutionally protected right.

32. Defendant would not have taken adverse action against Plaintiff if not for the protected conduct.

33. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which he was entitled, an amount to be determined at trial.

**SECOND CAUSE OF ACTION - FLSA RETALIATION**

34. Plaintiff hereby incorporates his allegations set forth in Paragraphs 1 through 33 above as if fully rewritten herein.

35. Plaintiff engaged in protected activity under the FLSA.

36. Plaintiff subsequently suffered adverse action by the Defendant.

37. A causal connection exists between Plantiff's protected activity and the adverse action.

38. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff is entitled to promotion, lost wages, liquidated damages equal to the lost wages, front pay, compensatory damages, attorney's fees, punitive damages, and pre-judgment interest.

**THIRD CAUSE OF ACTION – REVERSE DISCRIMINATION (TITLE 4112)**

39. Plaintiff hereby incorporates his allegations set forth in paragraphs 1 through 38 above as if fully rewritten herein.

{00207045-1}

40. At the time of Plaintiff's termination, Defendant Employee Matt Cygner informed Plaintiff Grant that the Superintendent wanted to retain an employee who was born in the Philippines as opposed to retaining Mr. Grant because of the minority status of the employee.

41. The consideration of an employee's race or national original is discriminatory under Title 4112 of the Ohio Revised Code. Furthermore, Defendant admits of favoring a minority over a Caucasian male member of the majority (Mr. Grant) because of his status as a member of the majority.

42. Defendant discriminated against Plaintiff with respect to the terms, conditions and privileges of employment because of his national origin. Defendant terminated Plaintiff for pre-textual reasons because of his race, all in violation of Section 4112.02(a) of the Ohio Revised Code for which Defendant is liable pursuant to Section 4112.99 of the Ohio Revised Code.

43. Plaintiff is a Caucasian male and is qualified for the position of employment with Defendant from which he was unlawfully terminated. Defendant is the unusual employer who discriminates against the majority.

44. Defendant acted with malice and/or with reckless malfeasance to Plaintiff's protected rights, and for such willful conduct, Defendant is liable for punitive damages.

45. As a direct and proximate result of Defendant's conduct set forth above, Defendant has suffered compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which he was entitled, an amount to be determined at trial.

{00207045-1}

**WHEREFORE,** Plaintiff Jon Grant prays for judgment against Defendant Gahanna-Jefferson Public Schools, on all counts for compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, embarrassment, humiliation, a chilling effect on further constitutionally protected expression, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

**Kemp, Schaeffer & Rowe Co., LPA**

By: /s/ Erica Ann Probst
Erica Ann Probst (0073486)
**Attorney for Plaintiff**
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 224-2678
Facsimile: (614) 469-7170
Erica@ksrlegal.com

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

**Kemp, Schaeffer & Rowe Co., LPA**

By: /s/ Erica Ann Probst
Erica Ann Probst (0073486)
**Attorney for Plaintiff**
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 224-2678
Facsimile: (614) 469-7170
Erica@ksrlegal.com

{00207045-1}